UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 04-10299-PBS |
| | ) |
| GIOVANNI AVILA, a/k/a "Gio", | ) |
| a/k/a "the Painter,"[1] | ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

**SARIS, D.J.**

WHEREAS, on March 23, 2005, a federal grand jury sitting in the District of Massachusetts returned a nine-count Second Superseding Indictment charging Giovanni Avila (the "Defendant") and others, inter alia, with Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §846 (Count One)[2];

WHEREAS, the Second Superseding Indictment also contained a Forfeiture Allegation pursuant to 21 U.S.C. §853, which sought forfeiture of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses, and/or any property used and/or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to, the following:

---

[1] The Defendant's name is spelled "Giovani Avila" in the plea agreement.

[2] The remaining counts of the Second Superseding Indictment did not name the Defendant.

1

(a) $1,150.00 in United States currency, seized from the Defendant on or about May 1, 2004;

(b) $19,000.00 in United States currency, seized from Giovanni's Auto Body, 892 Washington Street, Lynn, MA, on or about May 1, 2004; and

(c) Real property located at 7A Buffum Street, Salem, Massachusetts, including all buildings, appurtenances, and improvements thereon, with a deed recorded at Book 23089, Page 215, of the Southern Essex County Registry of Deeds

(hereinafter collectively "the Defendant Properties");

WHEREAS, the forfeiture allegation also provided that if any forfeitable assets, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be subdivided without difficulty, that it was the intention of the United States, pursuant to Title 21 U.S.C. §853(p), to seek forfeiture of any other property of the Defendant up to the value of such forfeitable assets;

WHEREAS, on June 30, 2006, the Defendant pled guilty to Count One of the Second Superseding Indictment pursuant to a written plea agreement whereby the Defendant agreed to forfeit his interest in the Defendant Properties;

WHEREAS, by virtue of the Defendant's guilty plea, and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Properties, or substitute assets in a value up to the Defendant Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's admissions in the plea agreement and the Defendant's guilty plea, that the government has established the requisite nexus between the Defendant Properties, and the offense to which the Defendant pled guilty. Accordingly, all of the Defendant's interests in the Defendant Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. §853(a) and (p).

2. If the Defendant Properties, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such forfeitable assets, pursuant to 21 U.S.C. §853(p).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service (the "USMS") is hereby authorized to seize the Defendant Properties.

4. The Defendant Properties are to be held by the USMS in its secure custody and control.

5. Pursuant to 21 U.S.C. §853(n), the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order, and of the United States' intent to dispose of the Defendant Properties pursuant hereto.

6. Pursuant to 21 U.S.C. §853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Defendant Properties to be forfeited.

7. Pursuant to 21 U.S.C. §853(n), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Properties, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the

petitioner's right, title, or interest in the Defendant Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. §853(n), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Defendant Properties. At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Defendant Properties.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
PATTI B. SARIS
United States District Judge

Date: 7/28/06