UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 04-10299-PBS |
| | ) |
| GIOVANNI AVILA, a/k/a "Gio", | ) |
| a/k/a "the Painter", | ) |
| Defendant. | ) |

**FINAL ORDER OF FORFEITURE**

**SARIS, D.J.**

WHEREAS, on March 23, 2005, a federal grand jury sitting in the District of Massachusetts returned a nine-count Second Superseding Indictment charging Giovanni Avila (the "Defendant") and others with, inter alia, Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §846 (Count One)[1];

WHEREAS, the Second Superseding Indictment also contained a Forfeiture Allegation pursuant to 21 U.S.C. §853, which sought forfeiture of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses, and/or any property used and/or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to, the following:

---

[1] The remaining counts of the second superceding indictment did not name the Defendant.

1

(a) $1,150.00 in United States currency, seized from the Defendant on or about May 1, 2004;

(b) $19,000.00 in United States currency, seized from Giovanni's Auto Body, 892 Washington Street, Lynn, MA, on or about May 1, 2004; and

(c) Real property located at 7A Buffum Street, Salem, Massachusetts, including all buildings, appurtenances, and improvements thereon, with a deed recorded at Book 23089, Page 215, of the Southern Essex County Registry of Deeds

(collectively, the "Defendant Properties");

WHEREAS, the forfeiture allegation also provided that if any forfeitable assets, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be subdivided without difficulty, that it was the intention of the United States, pursuant to Title 21 U.S.C. §853(p), to seek forfeiture of any other property of the Defendant up to the value of such forfeitable assets;

WHEREAS, on June 30, 2006, the Defendant pled guilty to Count One of the Second Superseding Indictment pursuant to a written plea agreement in which the Defendant agreed to forfeit his interest in the Defendant Properties;

2

WHEREAS, on July 28, 2006, this Court issued a Preliminary Order of Forfeiture against the Defendant's interest in the Defendant Properties;

WHEREAS, notice of the Preliminary Order of Forfeiture was served on all interested parties, and on August 10, 2006, August 17, 2006 and August 24, 2006 a notice of order of forfeiture was published in the <u>Boston Herald</u> newspaper pursuant to 21 U.S.C. §853(n); and

WHEREAS, no claims of interest in the Defendant Properties have been filed with the Court or served on the United States Attorney's Office and the time within which to do so expired on September 25, 2006.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Defendant Properties, and it is hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. §853.

Case 1:04-cr-10299-PBS    Document 552-2    Filed 10/13/2006    Page 4 of 4

3. All other parties, having any right, title, or interest in the Defendant Properties, are hereby held in default.

4. The United States is hereby authorized to dispose of the Defendant Properties in accordance with applicable law.

> PATTI B. SARIS
> United States District Judge

Date: 11/1/06